HOFMANN & SCHWEITZER
*Attorneys for Plaintiff Larry B. Catlett, Sr.*
1130 Route 202 South, Suite A7
Raritan, NJ 08869
Tel. No.: (908) 393-5662

UNITED STATE DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X
LARRY B. CATLETT, SR.,

                  Plaintiff,

  -against-                                  **COMPLAINT**

ATLANTIC CAPES FISHERIES, INC., individually,
and d/b/a CAPE MAY SALT OYSTER COMPANY,
CAPE MAY SALT OYSTER COMPANY, INC.,
*in personam*, and the FISHING VESSEL ADVANTAGE,
*in rem.*,

                  Defendants.
-----------------------------------------------------------------X

**JURY TRIAL DEMANDED**

Plaintiff, LARRY B. CATLETT, SR., claims of the Defendants, ATLANTIC CAPES FISHERIES, INC., individually, and d/b/a CAPE MAY SALT OYSTERS COMPANY, CAPE MAY SALT OYSTER COMPANY, INC., *in personam*, and the FISHING VESSEL ("F/V") ADVANTAGE, *in rem,* damages upon the following causes of action:

**PARTIES AND FACTUAL STATEMENTS**

1. Plaintiff, LARRY B. CATLETT, SR., (hereinafter, "plaintiff") is a citizen of the State of New Jersey and at all relevant times is and was a seaman within the meaning of that term as used in the Jones Act, 46 U.S.C.§ 30104.

2. The causes of action asserted herein arise under and by virtue of the Jones Act, 46 U.S.C. § 30104 et seq., the General Maritime Law and the admiralty jurisdiction of the United States

-1-

under 28 U.S.C. § 1333. Nothing in these jurisdictional allegations is to be construed as a waiver of the plaintiff's right to a jury trial in plaintiff's action at law under the Jones Act, nor of the right to have all of the claims asserted herein tried by a jury, at plaintiff's option, as permitted under <u>Fitzgerald v. United States Lines Company</u>, 374 U.S. 16 (1963).

3. Venue is properly placed in the United States District Court for the District of New Jersey since the defendants maintain their principal places of business therein, the site of the incident causing plaintiff's injuries was within the District, plaintiff resides there and much of the evidence is located there.

4. The incident underlying the cause of action asserted herein occurred in the Delaware Bay nearby the coast of New Jersey in Cape May County.

5. Defendant, ATLANTIC CAPES FISHERIES, INC., individually, and d/b/a CAPE MAY SALT OYSTER COMPANY, is a domestic profit corporation duly organized and existing under and by virtue of the laws of the State of New Jersey.

6. That at all times mentioned herein, defendant, ATLANTIC CAPES FISHERIES., INC., was doing business as ("d/b/a") CAPE MAY SALT OYSTER COMPANY.

7. Upon information and belief, CAPE MAY SALT OYSTER COMPANY is a division of ATLANTIC CAPES FISHERIES.

8. Defendant, CAPE MAY SALT OYSTER COMPANY, INC., is a domestic profit corporation organized and existing under and by virtue of the laws of the State of New Jersey.

9. Upon information and belief, CAPE MAY SALT OYSTER COMPANY, INC., is an independent corporation managed and operated by defendant ATLANTIC CAPES

FISHERIES.

10. Defendant, ATLANTIC CAPES FISHERIES, INC, ("ATLANTIC CAPES"), has a principal place of business at 985 Ocean Drive, Cape May, New Jersey 08204.

11. Defendant, CAPE MAY SALT OYSTER COMPANY, INC., has a principal place of business 8801 Berry Avenue, Port Norris, New Jersey 08349.

12. Defendant, CAPE MAY SALT OYSTER COMPANY has a principal place of business 8801 Berry Avenue, Port Norris, New Jersey 08349.

13. On or about August 2, 2022, and at all times mentioned herein, defendant, ATLANTIC CAPES owned a fishing vessel ("F/V") known as the "*ADVANTAGE*."

14. On or about August 2, 2022, ATLANTIC CAPES possessed the F/V ADVANTAGE.

15. On or about August 2, 2022, ATLANTIC CAPES managed the F/V ADVANTAGE.

16. On or about August 2, 2022, ATLANTIC CAPES operated the F/V ADVANTAGE.

17. On or about August 2, 2022, ATLANTIC CAPES controlled the F/V ADVANTAGE.

18. On or about August 2, 2022, CAPE MAY SALT OYSTER COMPANY and at all times mentioned herein, defendant, owned a fishing vessel ("F/V") known as the "*ADVANTAGE*."

19. On or about August 2, 2022, CAPE MAY SALT OYSTER COMPANY possessed the F/V ADVANTAGE.

20. On or about August 2, 2022, CAPE MAY SALT OYSTER COMPANY managed the F/V ADVANTAGE.

21. On or about August 2, 2022, CAPE MAY SALT OYSTER COMPANY operated the F/V ADVANTAGE.

22. On or about August 2, 2022, CAPE MAY SALT OYSTER COMPANY controlled the F/V ADVANTAGE.

23. On or about August 2, 2022, plaintiff was in the employ of CAPE MAY SALT OYSTER COMPANY as a seaman and a member of the crew of the F/V ADVANTAGE at the rate of pay and for the term set forth in his employment contract with the entitlement to fringe benefits and overtime.

24. On or about August 2, 2022, CAPE MAY SALT OYSTER COMPANY, INC., and at all times mentioned herein, defendant, owned a fishing vessel ("F/V") known as the "*ADVANTAGE*."

25. On or about August 2, 2022, CAPE MAY SALT OYSTER COMPANY, INC., possessed the F/V ADVANTAGE.

26. On or about August 2, 2022, CAPE MAY SALT OYSTER COMPANY, INC., managed the F/V ADVANTAGE.

27. On or about August 2, 2022, CAPE MAY SALT OYSTER COMPANY, INC., operated the F/V ADVANTAGE.

28. On or about August 2, 2022, CAPE MAY SALT OYSTER COMPANY, INC., controlled the F/V ADVANTAGE.

29. At all times during his employment, plaintiff contributed to the function of the vessel and the accomplishment of its mission.

30. Plaintiff's employment was connected to the vessel and was substantial in terms of duration and nature.

## AS FOR A FIRST CAUSE OF ACTION - JONES ACT NEGLIGENCE AGAINST ATLANTIC CAPES FISHERIES, INC., CAPE MAY SALT OYSTER COMPANY and/or CAPE MAY SALT OYSTER COMPANY, INC.

31. On or about August 2, 2022, while the vessel was in navigable waters, plaintiff, in the course of his employment, pursuant to orders and while in the performance of his duties, because of the unsafe and unseaworthy condition of the vessel and the negligence of the defendant herein, was caused to sustain the serious injuries more specifically set forth hereunder.

32. On August 2, 2022 plaintiff, while in the course of his employment, and with the consent and knowledge of the defendants, was performing labors in furtherance of the vessel's owners' business. While in the process of so doing, plaintiff was caused to suffer the serious injuries more fully set forth herein.

33. The defendants had a non-delegable duty to provide plaintiff a safe place to work.

34. Plaintiff's injuries were caused by the negligence of the defendants, by their agents, servants, workmen and employees and by the unseaworthiness of the vessels, and by the defendants' breach of its obligation to provide prompt and adequate medical care and treatment.

35. Defendants' negligence and the vessel's unseaworthiness were the cause of plaintiff's serious and permanent injuries. Specifically, on the day of the incident, plaintiff was in the process of rotating an oyster nursery tumbler or drum, which had been retrieved from Delaware Bay, by the F/V ADVANTAGE, and while performing the effort to rotate the drum, plaintiff was caused to injure himself. As he expended substantial effort and strain, he felt a sudden and sharp pain in his back and eventually down his leg. The incident was

caused by the unseaworthiness of the vessel's appurtenances, including the oyster nursery tumbler or drum being corroded and rusted rendering it unsafe for use and the task at hand; by insufficient physical and mechanical assistance being provided; by insufficient maintenance on the equipment; by insufficient training in how to perform the tasks he was performing; by insufficient job hazard analysis and failure mode effects analysis, with modifications and safe work task procedures developed; and such other faults as were known, or should have been known by defendants, and which will be explored in discovery and proven at trial.

36. On August 2, 2022, plaintiff was caused to suffer severe bodily strains and physical trauma when expending extreme, but necessary under the circumstances, effort to rotate an oyster nursery tumbler or drum, causing severe and permanent injuries to his lower back and spinal column, from his scapular region to his lumbar region. The effort aggravated and exacerbated plaintiff's underlying spinal conditions which previously were not disabling.

37. Solely by reason of the negligence of the defendants, and the unseaworthiness of the vessel as set forth above, plaintiff's muscles, nerves, tendons, blood vessels and ligaments were severely wrenched, sprained, bruised and otherwise injured; he is suffering from lumbar radiculopathy, as well as pain within his upper back. The full extent of his injuries are not yet known. He sustained severe injury and shock to his nerves and nervous system. He has in the past required and will in the future require medical treatment, care and attention. He has in the past been and will in the future be obliged to expend monies and incur obligations for medical care and attention. He has in the past suffered and will

in the future continue to suffer agonizing aches, pains and mental anguish. He has in the past been, presently is, and will in the future, continue to be disabled from performing his usual duties, occupations and avocations. He has in the past, and will in the future, suffer a loss of earnings and diminution in earnings capacity. He suffered herniations of intervertebral disc(s) and exacerbated underlying conditions in his spine.

38. By reason of the foregoing, plaintiff claims compensatory damages in an amount to be determined by the trier of fact.

### AS FOR A SECOND CAUSE OF ACTION - UNSEAWORTHINESS AGAINST ALL DEFENDANTS AND THE F/V *ADVANTAGE*, IN REM

39. Plaintiff repeats and realleges each and every of the foregoing allegations with the same force and effect as if fully set forth and repeated herein.

40. On or about August 2, 2022, while the vessel was in navigable waters, Plaintiff in the course of his employment, pursuant to orders and while in the performance of his duties, because of the unsafe and unseaworthy conditions of the F/V ADVANTAGE, its crew, its procedures and appurtenances, all for which defendants are liable, plaintiff was caused to sustain the serious injuries more specifically set forth above.

41. On or about August 2, 2022, plaintiff while in the course of his employment, and with the consent and knowledge of the defendants, was performing labors in furtherance of the vessel's mission. While in the process of so doing, plaintiff was caused to suffer the serious injuries described above, due to the unseaworthiness of the F/V ADVANTAGE related to the conditions, processes, failures and faults described previously and incorporated herein, including the negligence of the defendants.

42. By reason of the foregoing, plaintiff claims damages in the amount to be found reasonable by the trier of fact.

### AS FOR A THIRD CAUSE OF ACTION: MAINTENANCE AND CURE

43. Plaintiff claims of the defendants maintenance and cure, attorneys fees and costs and punitive damages, in such amount as may be determined by the Court upon the following cause of action.

44. Plaintiff repeats and realleges each and every of the foregoing allegations with the same force and effect as if fully set forth and repeated herein.

45. The jurisdiction of this Court over this third cause of action arises under and by virtue of the admiralty and maritime jurisdiction of the District Courts of the United States, as well as the rights appurtenant to plaintiff under the Jones Act, 46 U.S.C. § 30104.

46. Because of plaintiff's injuries and disability being incurred in service to the vessel, as aforesaid, plaintiff is entitled to maintenance and cure from defendants.

47. Plaintiff has demanded defendants provide him with maintenance and cure but defendants have wrongly, unjustifiably and unreasonably refused to provide same. Plaintiff has shown to defendants that he suffers from injuries and conditions caused by events occurring to him on the vessel on August 2, 2022 while he was in service to the vessel. For those injuries and conditions he has shown defendants he needs medical care (cure), including surgery. He has shown defendants that he has not reached maximum medical improvement from those injuries and conditions. He has on several occasions appropriately and fully made demands upon defendants to provide him with maintenance and cure, but defendants refuse to provide same.

48. Plaintiff, by virtue of his service upon the said vessel, claims maintenance, cure and wages and punitive damages, if warranted and attorneys fees and costs in an amount which the Court shall deem just and proper upon the trial of this cause.

49. All and singular, the premises contained in this third cause of action are true and within the Admiralty and Maritime jurisdiction of the United States and this Honorable Court.

**WHEREFORE,** Plaintiff prays that judgment be entered against the defendants, and that this Honorable Court enter judgment for plaintiff together with interest, costs, and counsel fees; and for such compensatory damages in the amount found by the trier of fact, and for such maintenance, cure and wages as is determined to be due and owing upon the trial of this cause, and for such interest, costs, punitive damages and counsel fees as the Court and jury may deem just and proper.

Dated: Raritan, New Jersey       HOFMANN & SCHWEITZER
April 5, 2023                    *Attorneys for Plaintiff Larry B. Catlett., SR.*

By: _____
Paul T. Hofmann (PH1356)
1130 Route 202 South, Ste. A7
Raritan, NJ 08869
Tel. No. (908) 393-5662
Fax No. (212) 465-8849
Paulhofmann@hofmannlawfirm.com

By: _____
Joseph G. Fattorusso (JF9510)
1130 Route 202 South, Ste. A7
Raritan, NJ 08869
Tel. No. (908) 393-5662
Fax No. (212) 465-8849
joseph@hofmannlawfirm.com

## JURY DEMAND

Demand is hereby made for a trial by jury on all issues raised by these pleadings.

## DESIGNATION OF TRIAL COUNSEL

Take notice that Paul T. Hofmann, Esq. and Joseph G. Fattorusso, Esq., are hereby designated as trial counsel in the within litigation.

## DEMAND FOR INSURANCE COVERAGE

In accordance with FRCP Rule 26, plaintiff Larry B. Catlett, SR., demands that the defendants provide a complete copy of its applicable liability insurance policies including any excess or umbrella policies with declaration sheets within thirty (30) days of service of this complaint.

Dated: Raritan, New Jersey  
      April 5, 2023

HOFMANN & SCHWEITZER  
*Attorneys for Plaintiff Larry B. Catlett., SR.*

By: /s/ Paul T. Hofmann  
Paul T. Hofmann (PH1356)  
1130 Route 202 South, Ste. A7  
Raritan, NJ 08869  
Tel. No. (908) 393-5662  
Fax No. (212) 465-8849  
Paulhofmann@hofmannlawfirm.com

By: /s/ Joseph G. Fattorusso  
Joseph G. Fattorusso (JF9510)  
1130 Route 202 South, Ste. A7  
Raritan, NJ 08869  
Tel. No. (908) 393-5662  
Fax No. (212) 465-8849  
joseph@hofmannlawfirm.com